**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| TRANS TOOL, LLC; NOAH PLASTIC SUPPLY INC.; ROBERT I. SAFSTROM<br>Plaintiffs,<br><br>v.<br><br>JIMMY "JIM' FAULKNER; GRADE A TOOLS, LLC; ALL STATE GEAR INC.; MICHAEL HOUY D/B/A ALL STAR TRANSMISSION<br>Defendant. | Civil Action No. <u>15:19-cv-01304</u><br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiffs, Trans Tool, LLC; Noah Plastic Supply Inc. and Robert I. Safstrom (hereinafter collectively referred to as "Plaintiffs") complains against Jimmy "Jim" Faulkner; Grade A Tools, LLC.; All State Gear Inc.; Michael Houy d/b/a All Star Transmission (hereinafter collectively referred to as "Defendants") for the acts indicated herein below:

## JURISDICTION & VENUE

1.  This Complaint involves claims for unfair competition in violation of the *Lanham Act,* 15 U.S.C. §1125, common law trademark infringement, common law unfair competition and a civil conspiracy of the Defendants. This Court has jurisdiction over these claims under 28 U.S.C. §§1331 and 1338.

2.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2). Some or all of the tortuous acts of trademark infringement, unfair competition and civil conspiracy have occurred within this district and/or have been directed at Plaintiffs residing in this district. Defendants advertise and sell their products within this district. Thus, this Court has personal jurisdiction over the Defendants.

**PARTIES**

3. Plaintiff, Trans Tool, LLC, is a limited liability company duly organized under the laws of the State of Texas with its principal place of business at 110 Connelly Street, San Antonio, Texas, 78203.

4. Plaintiff, Noah Plastic Supply Inc. is a corporation duly incorporated under the laws of the State of Texas with its principal place of business at 110 Connelly Street, San Antonio, Texas, 78203.

5. Plaintiff, Robert I. Safstrom is an individual residing within this district with a residence address of 14519 Triple Crown Lane, San Antonio, Texas, 78248.

6. Defendant Jimmy "Jim" Faulkner is an individual and resides at either 32 Highway 35 North, Rock Port, Texas, 78282 or 4250 Richmond Avenue, Spring Branch, Texas, 78070, and may be served at either of those addresses.

7. Defendant, Grade-A Tools, LLC is a Limited Liability company duly organized under the laws of the State of Texas with its principal place of business at 32 Highway 35 North, Rock Port, Texas, 78382-4141, and may be served at that address.

8. Defendant All State Gear Inc. is a corporation duly organized under the laws of the State of Texas with its principal place of business at 2310 Roosevelt Avenue, San Antonio, Texas, 78210-4921 and may be served by serving its registered agent Dathen Faulkner at that address.

9. Defendant Michael Houy is an individual doing business as All Star Transmission located at 805 12th Street, Marble Falls, Texas, 78654 and may be served at that address.

## **FACTS**

10. Since the 1980's Robert I. Safstrom (hereinafter "Safstrom") has continuously worked for a company known as Trans-Tool located in San Antonio, Texas.

11. Continuously from the 1980's the Plaintiffs (through predecessors in interest) has used the name and mark TRANS TOOL. The name and mark TRANS TOOL have become recognized in their industry as associated with their business.

12. Even predating employment by Safstrom in 1980, Plaintiffs (through their predecessors in interest) used the mark "TRANS TOOL" to designate its tools. The tools provided were a line of specially hand operated tools for lifting, cleaning, holding, assembling, preparing and servicing vehicle transmissions.

13. As a result of the extensive use of "TRANS TOOL" by Plaintiffs (and their predecessors in interest) in identifying the line of specially hand operated tools for repairing vehicle transmissions, the terms "TRANS TOOL" became synonymous in this narrow industry with Plaintiffs.

14. The hand tools provided by Plaintiffs (and Plaintiffs' predecessors in title) would have number designations of T-xxx. All tools provided by Plaintiffs (and Plaintiffs' predecessors in interest) were preceded by the letter "T". In this narrow industry no other entity known to Plaintiffs use the designation of "T" as a beginning of their part number other than Plaintiffs (or Plaintiff's predecessors in interest). As a result the numbering system used by Plaintiffs (and Plaintiffs predecessors in interest) the use of T-xxx has become synonymous with, and identified with, Plaintiffs' line of specially held hand operating tools for cleaning, lifting, holding, assembling, repairing and servicing vehicle transmissions.

15. In the 1990's a predecessor company added the word "ATEC" to the beginning of name for a composite mark of ATEC TRANS TOOL.

16. Continuously since the 1990's the Plaintiffs have used the name and mark TRANS TOOL sometimes with, sometimes without, the addition of "ATEC".

17. Safstrom initially worked for the company as an employee and later as an owner-employee. During the entire time of employment by Safstrom (first as only an employee second as owner/employee), the company has continuously used the mark TRANS TOOL for its goods and services, and later adopted the additional mark of "ATEC" as an additional mark for its goods and services.

18. In 2010 Safstrom through Noah Plastic Supply Inc. and Trans Tool, LLC obtained all rights to the assets of ATEC TRANS TOOL LTD, including rights to (a) TRANS TOOL (b) ATEC and (c) the parts designation system developed by Plaintiffs' predecessors in interest.

19. Predecessors in interest of the Plaintiffs obtained the following registrations:

| Registration No. | Mark | Goods |
|---|---|---|
| 1,242,582 | TRANS-TOOL CORP & design | Machines used in automotive transmission maintenance, namely, machines which both wash and dry automotive transmission parts; and special service hand tools for assembly and disassembly of automotive transmissions. |
| 1,623,321 | TRAN-TOOL | Full line of specialty hand operated tools for lifting, cleaning, holding, assembling, repairing and servicing vehicle transmissions |
| 2,682,332 | ATEC TRANS-TOOL | Full line of specialty hand operated tools for lifting, cleaning, holding, assembling, repairing and servicing vehicle transmissions |

20. While predecessors in interest continued using the marks and continued to do business, the registrations were allowed to go abandon.

4

21. Due to Plaintiffs (and Plaintiffs' predecessors in interest) use of the marks "TRANS TOOL", with or without "ATEC", in a very narrow market of transmission repairs the marks have become synonymous in the field with Plaintiffs' business. The making of specialty tools to repair transmissions has become identified in the industry with Plaintiffs' (or its predecessors) use of the mark TRANS TOOL, with and without ATEC.

22. In the transmission repair business the use of the numerical system of T-xxx has also become synonymous with, and identified with, the tools made and supplied by Plaintiffs (and its predecessors in interest). As examples, some of the more popular tools are identified as (a) T-1574 for a turbine shaft Teflon seal installer, or (b) T-1503 for a starter shaft Teflon seal installer/resizer.

23. Even the numeral portion of the numerical system of the part numbers developed by Plaintiffs (and Plaintiffs' predecessors in interest) have developed secondary meaning in this narrow industry as referring to vehicle transmission repair tools originating from Plaintiffs.

24. Predating 1980 up through the present time Plaintiffs (and its predecessors in interest) have spent considerable recourses in the automobile transmission repair business developing and marketing its tools under the name and mark TRANS TOOL. Plaintiff continues to this day using the mark and name TRANS TOOL to market and sell its line of specialty hand operated tools for repairing vehicle transmissions.

25. From the 1990's to the present time, the term ATEC was sometimes used in conjunction with TRANS TOOL to identify Plaintiffs line of vehicle transmission repair tools.

26. As a result, the public in the transmission repair business has come to recognize TRANS TOOL, ATEC and/or ATEC TRANS TOOL with Plaintiffs' line of tools used in the repairing of automobile transmissions. Plaintiffs' established an excellent

reputation as to the quality of its transmission repair tools under the marks TRANS TOOL, ATEC and/or ATEC Trans TOOL.

27. As a result of the efforts of Plaintiff (and its predecessors in interest), Plaintiffs have developed considerable good will in the name and/or mark TRANS TOOL, whether used with or without ATEC.

28. For a considerable period of time Defendant, Jimmy "Jim" Faulkner, through his business of Defendant Grade-A Tools, LLC, purchased automobile transmission repair tools from Plaintiffs. All of the automobile transmission repair tools purchased by Defendant Faulkner from Plaintiffs were sold utilizing the company name and mark TRANS TOOL. Some of the tools were sold utilizing the additional name or mark of ATEC with and without TRANS TOOL.

29. Also, the tools purchased by Defendant Faulkner from Plaintiffs all bare a TRANS TOOL part number of T-xxx with a number after the "T" bearing according to the specific tool being sold by Plaintiffs.

30. Based on information and belief, no one other than Plaintiffs had used the letter "T" followed by specific numerals to designate specific type hand tools in the automobile transmission business until the acts complained of herein below.

31. Based on information and belief, Defendant Faulkner took some of the more popular hand tools for automobile transmission repairs that Defendant Faulkner purchased from Plaintiffs, had duplicate copies made in China, and began selling the tools in direct competition with Plaintiffs' tools.

32. The competitive hand tools made by Defendant Faulkner were of inferior quality to the tools provided by Plaintiffs.

33. The competitive hand tools made by Defendant Faulkner had the same identical part numbers, all preceded by the distinctive "T" as Plaintiffs'. For examples (a) the turbine shaft teflon seal installer would have the same part number of T-1574 and (b) the starter shaft Teflon seal installer/resizer would have the same part number of T-1503.

34. While Defendant Faulkner had purchased some hand tools from Plaintiffs, Defendant Faulkner continued to use Plaintiffs' marks ATEC, TRANS TOOL and the distinctive part numbers on other cheaper imitation parts Defendant Faulkner had made in China.

35. Based on information and belief, Defendant Faulkner used not only his company of Defendant Grade A Tools, LLC to make and sell the imitation tools bearing Plaintiffs' marks or part numbers, Defendant Faulkner recruited Defendant All State Gear, Inc. and Michael Houy d/b/a All-Star Transmissions to assist him in marketing the imitation tools.

36. Based on information and belief, Defendant Faulkner with assistance of Defendants Grade A Tools, LLC, All State Gear, Inc. and Michael Houy d/b/a All Star Transmissions have been making, selling or offering for sale, imitation tools bearing Plaintiffs' mark ATEC and/or TRANS TOOL.

37. Further, based on information and belief, all Defendants have been selling and/or offering for sale imitation tools using the same distinctive numbering system of a "T" followed by a specific number wherein the same numbering system has been and still is, being used by the Defendants, which distinctive numbering system as was developed (and in which secondary meaning was created) by the Plaintiffs (or Plaintiffs' predecessors in interest).

## COUNT ONE
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### Under 15 U.S.C Section 1125(a)

38.　The allegations set forth in paragraph 1- 37 are incorporated by reference as if duly set forth herein.

39.　Defendants have sold or offered for sale a line of specially hand operated tools for lifting, cleaning, holding, assembling, preparing and servicing vehicle transmissions (herein after referred to as "automobile transmission repair tools"). For the automobile transmission repair tools that are sold or offered for sale by Defendants, Defendants refer to the tools using one or more of the following:

A.　TRANS TOOL

B.　ATEC

C.　The same numerical number as was developed by Plaintiffs, starting with the "T" and the distinctive part number created by Plaintiffs

40.　The automobile transmission repair tools of Defendants directly compete with the automobile transmission repair tools of Plaintiffs.

41.　The automobile transmission repair tools of Defendants are being offered for sale over the internet with some examples being attached hereto as Exhibit A.

42.　Defendants' acts described herein constitute false and misleading descriptions and/or representations of fact which are likely to cause confusion, mistake or deception as to the affiliation, connection of association of Defendants' goods with those of the Plaintiffs. Such acts constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and constitute unfair competition.

43.　Defendants' acts described herein constitute a false designation of origin, or a false description or a false representation as to the source of Defendants' goods so that the

purchasing public in this market may mistakenly believe that the automobile repair tools of Defendants are in fact provided, or authorized by Plaintiffs.

44. Based on the information and belief, Defendants will continue its acts of unfair competition unless enjoined by this court pursuant to 15 U.S.C. § 1116. Plaintiffs seek a preliminary and permanent injunction against further acts of unfair competition by Defendants.

42. Defendants' acts of unfair competition and false designation of origin have caused harm and damage to Plaintiffs. The amount of those damages are not yet determined. Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to and seek Defendants' profits, actual damages, and cost of this action and such additional relief as may be deemed appropriate and awarded by this court.

43. On the information and belief, Defendants' acts of unfair competition and false designation of origin have been, and continue to be, deliberate and willful which warrants an award of enhanced damages. In addition, Plaintiffs are entitled to and seek a finding that this case is an exceptional and warrants and award of attorney's fees pursuant to 15 U.S.C. § 1117 (a).

## COUNT 2
## COMMON LAW UNFAIR COMPETITION

44. The allegations in paragraph 1 - 43 are incorporated by reference as if fully set forth herein.

45. Plaintiffs enjoy common law trademark rights under the common law of the state of Texas, and throughout the United States, in connection with its automobile transmission repair tools offered under either of the following:

    A.    TRANS TOOL

    B.    ATEC

      C.     Plaintiffs' unique part numbering system of "T" followed by a distinctive number indicating that particular type tool.

46. Defendants' past and current use of TRANS TOOL, ATEC or Plaintiffs' distinctive parts numbering system, constitute trademark infringement under the laws of the state of Texas.

47. Defendants' acts further constitute a malicious, fraudulent, or grossly negligent attempt to profit from Plaintiffs good will developed in the following:

      A.     TRANS TOOL

      B.     ATEC

      C.     Plaintiffs' unique part numbering system of "T" followed by a distinctive number indicating that particular type tool.

48. The offering by Defendants of their similar goods using a confusingly similar mark or numbering system is likely to cause, and has caused, confusion as to the source of origin of the goods in that purchaser of Defendants' goods are likely to associate, or have associated, such goods as originating with Plaintiffs, all to the detriment of, and resulting in damages to Plaintiffs.

49. Defendants' acts of common law trademark/service mark infringement have caused great harm and damage to Plaintiffs. The amount of these damages is not yet determined. Plaintiffs seek actual damages, exemplary damages, and such additional relief as may be deemed appropriate and awarded by this court.

50. Based on information and belief, Defendants will continue their acts of trademark/service mark infringement unless enjoined by this court. Plaintiffs seek a preliminary and permanent injunction against further acts of unfair competition by Defendants.

## COUNT 3
## COMMON LAW UNFAIR COMPTITION

51. The allegations set forth in paragraphs 1 through 50 are incorporated by reference as if fully set forth herein.

52. Defendants' conduct has, and is likely to, cause confusion, mislead or deceive purchasers or potential purchasers and constitute unfair competition under the laws of the state of Texas. Defendants' acts of common law unfair competition have caused great harm and damage to Plaintiffs. The amount of these damages is not yet determined. Plaintiffs seek actual damages, exemplary damages, and such additional relief as may be deemed appropriate and awarded by this court.

53. Based on the information and belief, Defendants will continue their acts of unfair competition unless enjoined by this court. Plaintiffs seek a permanent injunction against further acts of unfair competition by Defendants.

## COUNT 4
## CIVIL CONSPIRACY

54. The allegations set forth in paragraph 1 through 53 are incorporated by reference as if fully set forth herein.

55. Defendants' constitute two or more persons in combination to accomplish acts of infringement or unfair competition against Plaintiffs'.

56. The combination of the Defendants for infringement or unfair competition was to accomplish (a). an unlawful purpose or (b) a lawful purpose by an unlawful means.

57. Two or more of the Defendants had a meeting of the minds on the object or course of action of trademark infringement or unfair competition.

58. One or more of the Defendants committed an unlawful, overt act to further the object or course of action of unfair competition or trademark infringement.

59. Plaintiffs have suffered injury as approximate result of the wrongful acts of the Defendants.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable alleged in this complaint.

## PRAYER

Wherefore, Plaintiffs respectfully pray that this court enter judgement as follows:

A. That Defendants, individually, and their officers, agents, employees, attorneys, corporations or companies under the control of Defendants, and all other persons in active concert or participation with Defendants be forever and permanently enjoined from engaging in the acts of trademark/service mark infringement and/or unfair competition complained of herein, including and without limitations:

1. Use of the mark TRANS TOOL, or other marks confusingly similar thereto;
2. Use of the mark ATEC, or other marks confusingly similar thereto;
3. Use of the unique parts designation system previously developed by Plaintiff, including the use of the "T" followed by distinctive numerical part numbers for each type tool;

B. That Defendants be directed to provide an accounting of all revenue received from the sale of automobile transmission repair tools resulting from their acts of trademark/service mark infringement or unfair competition complained of herein.

C. That Defendants pay to Plaintiffs all profits received by Defendants and all damages suffered by Plaintiffs, as a result of Defendants acts of trademark/service mark infringement and unfair competition.

  D. That this be found to be an exceptional case for which Plaintiffs be awarded enhanced damages, attorney's fees and costs of court.

  E. That Plaintiffs be awarded pre-judgement and post judgement interest.

  F. For such other and further relief which Plaintiffs shows itself justly entitled.

DATE: November 5, 2019    Respectfully submitted,

    /s/ Ted D. Lee
    Ted D. Lee, TSB #12137700
    tlee@gunn-lee.com

    GUNN, LEE & CAVE, P.C.
    8023 Vantage Drive, Suite 1500
    San Antonio, TX  78230
    210-886-9500 (voice)
    210-886-9883 (fax)

    ATTORNEYS FOR PLAINTIFFS
    TRANS TOOL, LLC; NOAH PLASTIC
    SUPPLY INC.; ROBERT I. SAFSTROM