UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**TRANS TOOL, LLC and NOAH PLASTIC SUPPLY INC.,**[1]

    *Plaintiffs*,

v.   Case No. SA-19-CV-1304-JKP-RBF

**JIMMY "JIM" FAULKNER; GRADE A TOOLS, LLC; ALL STATE GEAR, INC.; MICHAEL HOUY d/b/a ALL STAR TRANSMISSION,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Reduced to its essence, the Court has before it a Motion to Dismiss (ECF No. 48) filed by Defendant All State Gear, Inc. ("ASG") pursuant to Fed. R. Civ. P. 12(b)(1) and (6). With Plaintiffs' response (ECF No. 50), and the passing of the deadline for ASG to file a reply brief, the motion is ripe for ruling. After considering the motion, briefing, relevant matters of record, and the applicable law, the Court DENIES the motion in all respects.

### I. BACKGROUND

As summarized by Plaintiffs, this action "involves claims for unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, common law trademark infringement, common law unfair competition and a civil conspiracy of the Defendants." *Second Am. Compl.* ¶ 1. They assert jurisdiction under 28 U.S.C. §§ 1331 and 1338. *See id.* The parties seem to agree that the crux of the claims in this litigation is that defendants, including ASG, have infringed upon Plaintiffs' various unregistered trademarks ("Unregistered Marks").

---

[1] The original complaint identified Robert I. Safstrom as a third plaintiff, *see Compl. (ECF No. 1)*, but the currently operative pleading has dropped that individual as a plaintiff, *see Second AM. Compl. (ECF No. 46)*.

Based on the allegations, these marks include TRANS TOOL, a parts designation system using "T" and numerals, and ATEC. *See id. ¶¶ 9-15*. In addition, Plaintiffs have alleged that Noah Plastic Supply Inc. ("Noah") "obtained all rights to the assets of ATEC TRANS TOOL LTD, including rights to (a) TRANS TOOL (b) ATEC and (c) the parts designation system developed by Plaintiffs' predecessors in interest." *Id. ¶ 16*. They have further alleged that Noah granted Trans Tool, LLC an exclusive license to those matters. *See id. ¶ 17*.

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), ASG challenges whether Plaintiffs have standing to pursue their claims and whether their factual allegations are sufficient to survive its motion to dismiss. In response, Plaintiffs contend that they have alleged enough facts to overcome a Rule 12(b)(6) challenge and have also carried their burden to show that they have standing to pursue their claims. ASG did not file a reply brief.

## II. MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

Pursuant to Fed. R. Civ. P. 12(b)(1), ASG seeks to dismiss this case for lack of jurisdiction on grounds of standing. It argues that Plaintiffs have "failed to allege sufficient interest in the Unregistered Marks to support the constitutional minimum for standing." *Mot*. at 3. Relatedly, it contends that Plaintiffs have "failed to plead facts establishing prudential standing" and thus fail to survive Rule 12(b)(1) dismissal. *Id*. It further contends that, because the only basis for federal jurisdiction is Plaintiffs' unregistered trademark infringement claim, lack of clarity with respect to that claim affects the jurisdictional inquiry. *Id*. at 4.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

2

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). By first considering a Rule 12(b)(1) motion, courts avoid "prematurely dismissing a case with prejudice" when it lacks jurisdiction. *Ramming*, 281 F.3d at 161. A "court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

Courts have "the power to dismiss for lack of subject matter jurisdiction based on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *accord Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019); *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). When determining issues of subject matter jurisdiction, the courts "may consider outside matter attached to a motion to dismiss without first converting it into a motion for summary judgment." *State of Ala. ex rel. Baxley v. Woody*, 473 F.2d 10, 12 (5th Cir. 1973).

The Fifth Circuit has long distinguished between "facial" and "factual" jurisdictional attacks. *See Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "An attack is 'factual' rather than 'facial' if the defendant 'submits affidavits, testimony, or other evidentiary materials.'" *Id.* When faced with a factual jurisdictional attack, "a plaintiff 'must prove the existence of subject-matter jurisdiction by a preponderance of the evidence' and is 'obliged to submit facts

3

through some evidentiary method to sustain his burden of proof.'" *Id*. (quoting *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989) (internal quotation marks and footnotes omitted), *aff'd sub nom.*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990)).

For factual attacks, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413 (quoting *Mortensen v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (3rd Cir. 1977)). On the other hand, a facial attack requires the courts to "consider the allegations of the complaint as true." *Id*. "Regardless of the nature of the attack, the plaintiff seeking a federal forum 'constantly bears the burden of proof that jurisdiction does in fact exist.'" *Chandler v. United States*, 338 F. Supp. 3d 592, 599 (N.D. Tex. 2018) (quoting *Ramming*, 281 F.3d at 161).

Because ASG presents no evidence with its motion, it makes a facial jurisdictional attack. Consequently, the Court need only consider the factual allegations in Plaintiffs' operative pleading. "The three requirements of Article III standing are familiar: the plaintiffs must allege an injury in fact that is fairly traceable to the defendant's conduct and likely to be redressed by a favorable ruling." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795, n.2 (5th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). While the party seeking the federal forum bears the burden of establishing jurisdiction, including the elements of standing, "the manner and degree of evidence required" may differ depending on the stage of litigation. *See Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," because courts may "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id*. (citation omitted).

In this case, Plaintiffs allegations are sufficient to withstand the jurisdictional challenge.

4

They have alleged injury to their reputation and good will that is fairly traceable to conduct by ASG and likely to be redressable by a favorable ruling in this case. The general factual allegations of Plaintiffs are "not so insufficient at this point in the litigation to justify a dismissal based on standing." *Mosley v. Bowie Cty. Tex.*, 275 F. App'x 327, 328 (5th Cir. 2008) (per curiam). Furthermore, as recognized by the Fifth Circuit, in contrast to constitutional standing, which is considered under Rule 12(b)(1), the issue of prudential standing is properly considered under Rule 12(b)(6). *Harold H. Huggins Realty, Inc.*, 634 F.3d at 795 n.2.

### III. MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), ASG seeks dismissal of Plaintiffs' Unregistered Trademark Infringement Claim on grounds that Plaintiffs have failed to establish ownership in a legally protectible mark. *Mot.* at 7. It further argues that as that claim fails, so does Plaintiffs' common law claims. *Id.* at 8. And it argues that the civil conspiracy claim fails because it depends on a tortious act, which is lacking if all other claims fail. *Id.* Furthermore, ASG's arguments regarding prudential standing are properly considered in the Rule 12(b)(6) context.

Under Rule 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not

on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Twombly*, 550 U.S. at 563 n.8. Furthermore, when ruling on a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

ASG's prudential standing arguments center on alleged lack of clarity as to who possesses an interest in marks/parts designation system and Plaintiffs have thus failed to plead a concrete and particularized injury. It premises its specific Rule 12(b)(6) claim on caselaw that, to establish liability under the Lanham Act, 15 U.S.C. § 1051 et seq., Plaintiffs "must first establish ownership in a legally protectible mark, and second, show infringement by demonstrating a likelihood of confusion." *Mot.* at 3 (quoting *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235-36 (5th Cir. 2010)).

Indeed, to ultimately succeed on an "infringement claim under the Lanham Act," plaintiffs must (1) "establish ownership in a legally protectible mark" and (2) "show infringement by demonstrating a likelihood of confusion." *Amazing Spaces*, 608 F.3d at 235-36 (citation omitted). However, because that case had reached summary judgment, it does not set out what is needed at the motion to dismiss stage. The focus at this stage is merely on the factual allegations to determine whether there is a plausible claim. Furthermore, as the Fifth Circuit has also stated, the first element concerns whether the plaintiffs have "a protectible right in the mark." *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 309 (5th Cir. 2008) (per curiam). Owners of a mark are not the only ones with a legally protectible interest. *See Escamilla v. M2 Tech., Inc.*, 536 F. App'x 417, 421 (5th Cir. 2013) (discussing whether owner should be joined as a plaintiff).

For an infringement claim under the Lanham Act to survive a Rule 12(b)(6) motion to

dismiss, the plaintiffs must allege a protectible right in the mark and alleged infringement through a likelihood of confusion. Here, Plaintiffs allege that Noah obtained rights to the marks and provided Trans Tool, LLC an exclusive license to the marks. Plaintiffs also allege injury to their reputation and good will. ASG quarrels about a lack of specificity regarding predecessors in interest or how Plaintiffs acquired their claimed interests. But such specificity is not required at this stage. Plaintiffs have made sufficient factual allegations to survive ASG's motion to dismiss. And the arguments regarding prudential standing also fail. Plaintiffs have made enough allegations to show prudential standing. Furthermore, as ASG argues, the other claims stand or fall with the primary infringement claim. For all claims asserted, Plaintiffs allegations are sufficient to state a plausible claim and to avoid a Rule 12(b)(6) dismissal.

## IV. CONCLUSION

For the foregoing reasons the Court **DENIES** the Motion to Dismiss (ECF No. 48) filed by Defendant All State Gear, Inc.

**IT is so ORDERED.**

**SIGNED this 2nd day of March 2021.**

**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**